# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SHANNON L. TILLEY,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL,[1]<br>Commissioner of Social Security,<br><br>Defendant. | 2:18-cv-00471-CLB<br><br>**<u>ORDER</u>** |

Plaintiff Shannon L. Tilley ("Tilley") seeks judicial review of the Commissioner of Social Security's ("Commissioner") denial of her application for social security disability benefits. Tilley asserts the Commissioner's decision must be reversed and/or remanded because the Commissioner's findings that Tilley could perform work in the national economy are not supported by substantial evidence. (ECF No. 17). Having reviewed the pleadings, transcripts, and the Administrative Record ("AR"), the court concludes the Commissioner's findings that Tilley could perform work in the national economy failed to reconcile the conflicts between Tilley's limitations and the testimony of the vocational expert. Therefore, the Court grants Tilley's motion for reversal and/or remand, (ECF No. 17), and denies the Commissioner's cross-motion to affirm, (ECF No. 19).

**I. STANDARDS OF REVIEW**

    A. <u>Judicial Standard of Review</u>

This Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action ... brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Court must affirm an Administrative Law Judge's ("ALJ") determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); 42 U.S.C. § 405(g). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (internal quotation marks and citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)); *see also Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005).

To determine whether substantial evidence exists, the Court must look at the administrative record as a whole, weighing both the evidence that supports and undermines the ALJ's decision. *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) (citation omitted). Under the substantial evidence test, a court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2003). "However, if evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Shalala,* 50 F.3d at 749 (citation omitted). The ALJ alone is responsible for determining credibility and for resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if substantial evidence supports

the Commissioner's decision. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

### B. Standards Applicable to Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected ... to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. *See* 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or non-disability, a determination will be made, and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities, usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b). If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from

performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3, p1. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meets or equals the criteria of a listing and meets the duration requirement (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h), 416.920(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Prior to considering step four, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p, 96-7p.

After making the RFC determination, the ALJ must then turn to step four in order to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(f), 416.920(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the

work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to bear the burden of proving disability at this step, a limited evidentiary burden shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

**II.     CASE BACKGROUND**

A.     <u>ALJ's Findings and Decision</u>

Tilley applied for disability insurance benefits ("DIB") on May 19, 2015 with an alleged disability onset date of August 31, 2015. (AR 203-205.) The application was denied initially (AR 138-140), and on reconsideration. (AR 140; 142-145.) Tilley then requested, and received a hearing before an ALJ, which took place on October 24, 2015. (AR 146-147; 20.) On January 11, 2017, the ALJ issued his decision denying Tilley's application. (AR 20-36.)

At the outset, the ALJ found Tilley met the insured status requirements of the Act with respect to her claim through September 30, 2017. (AR 22.) At step one, the ALJ found Tilley had not engaged in substantial gainful activity since the alleged onset date of August 31, 2012. (*Id.*) At step two, the ALJ determined Tilley had the following severe impairments: fibromyalgia, rheumatoid arthritis, obesity, asthma, depressive disorder, social anxiety disorder, and panic disorder. (*Id.*) At step three, the ALJ found Tilley does not have an impairment or combination of impairments that meets or medically equals a

listed impairment. (AR 23.) The ALJ then concluded Tilley had the residual functional capacity ("RFC") to perform light work as defined by 20 C.F.R. § 404.1567(b) except, the ALJ imposed the following limitations:

> [Tilley] cannot climb ladders, ropes or scaffolds; and can only occasionally perform all postural activities; she can have only occasional exposure to extreme cold and pulmonary irritants; she can have no exposure to hazards such as unprotected heights and moving mechanical parts; she is limited to simple, routine and repetitive tasks with a reasoning level of two or less; she needs a routine, predictable work environment that requires no more than simple decision making; she can have no contact with the public and only occasional contact with supervisors and coworkers; and she cannot work on an assembly line.

(AR 24). Based on Tilley's RFC, at step four, the ALJ determined Tilley was unable to perform any past relevant work. (AR 34).

Proceeding to step five, and relying on the testimony of the VE, the ALJ determined that Tilley's age, education, work experience and RFC would allow her to perform occupations existing in significant numbers in the national economy, specifically: (1) garment sorter; (2) cleaner/housekeeper; and, (3) mail clerk. (AR 84-85). Accordingly, the ALJ held that Tilley has not been under a disability at any time from August 31, 2012, the alleged onset date, through the date of the decision, and denied her SSI claim. (AR 35).

## III. ISSUE

Tilley raises the following issues for this Court's review:

1. Whether the ALJ's step five finding is supported by substantial evidence;
2. Whether the ALJ improperly addressed the medical opinions of Tilley's examining doctors; and
3. Whether the ALJ improperly considered Tilley's subjective testimony.

## IV. DISCUSSION

### A. The ALJ's Step Five Analysis

Tilley claims the ALJ's decision should be reversed or remanded for further proceedings because there is not substantial evidence to support the ALJ's findings at step five. (ECF No. 17). According to Tilley, the ALJ incorrectly determined she was

capable of performing three positions in the national economy based on the testimony provided by the VE. However, the DOT requirements for each of these positions is inconsistent with the RFC determined by the ALJ. Thus, the testimony of the VE is inconsistent with the DOT. Tilley asserts the ALJ was legally required to reconcile this inconsistency, which he failed to do. (*Id.* at 8-9).

In the step five analysis, the burden shifts to the Commissioner, "to identify specific jobs existing in substantial numbers in the national economy that [a] claimant can perform despite [his] identified limitations." *Zavalin v. Colvin*, 778 F.3d 842, 845–46 (9th Cir. 2015), citing *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir.1995); 20 C.F.R. § 416.920(g). In making this determination, the ALJ relies on the DOT, which is the SSA's "primary source of reliable job information" regarding jobs that exist in the national economy. *Zavalin*, 778 F.3d at 846; *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir.1990); 20 C.F.R. §§ 416.969, 416.966(d)(1).

In addition to the DOT, the ALJ relies on the testimony of vocational experts who testify about specific occupations that a claimant can perform in light of the identified RFC. 20 C.F.R. § 416.966(e); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). Finally, the ALJ determines whether, given the claimant's RFC, age, education, and work experience, he or she can find some work in the national economy. *Valentine*, 574 F.3d at 689; 20 C.F.R. § 416.920(g).

Presumably, the expert's opinions comport with the requirements of the specific positions listed in the DOT. But "[i]f the expert's opinion that the applicant is able to work conflicts with, or seems to conflict with, the requirements listed in the [DOT], then the ALJ must ask the expert to reconcile the conflict before relying on the expert to decide if the claimant is disabled." *Gutierrez v. Colvin*, 844 F.3d 804, 807 (9th Cir. 2016). This requires the ALJ to ask the expert to explain the conflict and "then determine whether the vocational expert's explanation for the conflict is reasonable" before relying on the expert's testimony to reach a disability determination. *Massachi v. Astrue*, 486 F.3d 1149, 1153–54 (9th Cir. 2007); Social Security Ruling 00–4P, 2000 WL 1898704, at *2 (Dec. 4, 2000). The ALJ

7

cannot simply rely on the VE's testimony that no conflict exists, when it appears there is an apparent conflict. SSR-004p at *2. If the ALJ fails to resolve an obvious and apparent conflict, it may leave a gap in the record that precludes the reviewing court from determining whether the ALJ's decision is supported by substantial evidence. *See Massachi*, 486 F.3d at 1154 (stating that "we cannot determine whether the ALJ properly relied on [the vocational expert's] testimony" due to unresolved occupational evidence).

In this instance, the VE testified that Tilley could perform three positions in the national economy: (1) cleaner/housekeeping, DOT 323.687-014; (2) mail clerk, DOT code 209.687-026; and, (3) garment sorter, DOT code 222.687-014. (AR 84-85). The VE also testified that his testimony was "consistent with the DOT, and where the DOT doesn't address all of the variables or factors in [his] testimony, that testimony comes from over 30 years' experience as a vocational expert and from resources by professionals in my industry." (AR 85). The ALJ asked no further questions of the VE. Based on this testimony, the ALJ determined Tilley was not disabled at step five. (AR 36).

1. *Cleaner/Housekeeping*

Pursuant to DOT 323.687-014, the position of cleaner/housekeeper requires the rendering of "personal assistance to patrons."[2] However, the RFC assigned to Tilley expressly states she can have "*no contact* with the public." (AR 25) (emphasis added). In spite of the requirement of providing personal assistance to patrons, the VE testified that someone with Tilley's RFC could perform this position. The VE further stated there was no conflict between his testimony and the requirements for this position identified in the DOT.

---

[2] The Commissioner argues "assisting patrons" does not necessarily equate to having contact with the public. (ECF No. 19, p. 5). The court rejects this argument. A "patron" is defined as "a person who is a customer, client, or paying guest, especially a regular one, of a store, hotel or the like." https://www.dictionary.com/browse/patron, last visited 1/21/2020. Customers, clients or guests of stores, hotels or the like would necessarily be members of the public – as opposed to co-workers or supervisors. Therefore, providing "assistance" to "patrons," i.e., customers, clients or quests, would require, at least some, contact with the public.

8

The Ninth Circuit has not directly addressed the conflict between a cleaner/housekeeper and an RFC limitation to no public contact. However, several district courts in the Circuit have held that an occupation involving service to "patrons" conflicts with an RFC limitation to no interaction with the public, including the position of cleaner/housekeeper. *See e.g., Norris v. Colvin*, No. EDCV 12-1687, 2013 WL 3676661, at *3 (C.D. Cal. July 11, 2013) (finding the VE's testimony that the plaintiff could perform the occupation of a cleaner/housekeeper, which requires personal assistance to patrons, to be in conflict with the plaintiff's RFC limitation to no contact with the public); *Barton v. Astrue*, No. EDCV 12-1013, 2012 WL 5457462, at *3 (C.D. Cal. Nov. 8, 2012) (same); *Pardue v. Astrue*, No. EDCV 10-1830, 2011 WL 5520301, at *5 (C.D. Cal. Nov. 14, 2011) (same); *Barbee v. Berryhill*, Case No. 16:cv-1779-BEN-DHB, 2017 WL 3034531, at *18 (S.D. Cal. July 18, 2017) (same applied to a cafeteria attendant); *see also Bradshaw v. Colvin*, 642 Fed.Appx. 677, 679 (9th Cir. 2016) (stating that the cafeteria attendant position requires "at least some interaction with other people"). In line with these cases, the Court finds there was an apparent conflict between the RFC to no contact with the general public and the occupation of cleaner/housekeeper. Due to this conflict, the ALJ was required to ask follow-up questions and reconcile this conflict prior to determining whether Tilley was disabled or not. However, the ALJ failed to reconcile this conflict, which constitutes error.

2. *Mail Clerk*

Next, the VE testified that a hypothetical claimant with Tilley's RFC could perform the position of "mail clerk." Pursuant to DOT 209.687-026, the position requires a reasoning level of "three or higher." By contrast, the ALJ determined that Tilley's is only capable of engaging in "simple, routine, and repetitive tasks with a reasoning level of two or less." (AR 25). In spite of this, the VE testified that a person with Tilley's limitation to "simple, routine, and repetitive tasks" could perform this position. (AR 84-85). The ALJ accepted this testimony and failed to reconcile the apparent conflict between Tilley's limitations and the reasoning level required for this position. (AR 36).

The Commissioner appears to concede that pursuant to Ninth Circuit law, a conflict exists with Tilley's limitations to simple, routine and repetitive tasks and the reasoning level three required for a mail clerk and that the ALJ erred in failing to reconcile this conflict. *See Zavalin*, 778 F.3d 842. (ECF No. 19, p. 6). The court agrees. As such, the court finds that the ALJ erred in failing to reconcile this conflict as well.

### 3. *Garment Sorter*

Finally, the VE testified that a hypothetical person with Tilley's RFC could perform the position of "garment sorter." (AR 25). DOT section 222.687-014 indicates this position would be rated as "light work" even "when the job requires a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible." However, the ALJ determined that Tilley cannot work at an "assembly-line pace." (AR 25). Tilley argues that, based on the statement in the DOT related to "production rate," this position effectively requires an "assemble-line pace."

The court disagrees with Tilley. The Social Security Administration classifies the physical exertion level required for various jobs as either, "sedentary, light, medium, heavy, [or] very heavy. 20 C.F.R. § 404.1567; *Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008). These terms are defined by the DOT. DOT App'x C: Components of the Definition Trailer, 1991 WL 688702.

The specific language Tilley claims imposes a requirement of assembly line pace work, or "production rate," is not necessarily a requirement for the position of garment sorter. Rather, this language – which is listed under the heading of "STRENGTH" in DOT section 222.687-01 is part of the definitional language for "light work" as defined by the DOT – which is applicable to *all* light work positions. *See* DOT App'x C: Components of the DefinitionTrailer at Section IV, Physical Demands and Strength, 1991 WL 688702. This definition provides the strength that is necessary to perform "light work" as opposed to other classifications of work. *See Nabis-Smith v. Colvin*, Case No. 6:13-cv-01427, 2015 WL 6964179 at *6 (D. Ore. Nov. 9, 2015).

///

In fact, the full definition of "light work" in the DOT is as follows:

> Light Work – Exerting up to 20 pounds of force occasionally, and/or up to 10 pounds of force frequently, and/or a negligible amount of force constantly (Constantly: activity or condition exists 2/3 or more of the time) to move objects. Physical demand requirements are in excess of those for Sedentary Work. Even though the weight lifted may be only a negligible amount, a job should be rated Light Work: (1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) *when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible.*

DOT App'x C at Section IV, Physical Demands and Strength, 1991 WL 688702 (emphasis added).

This same definitional language is used in the DOT numbers for the position of cleaner/housekeeper and mail clerk. *See* DOT 323.687-014 (cleaner/housekeeper); DOT 209.687-026 (mail clerk). However, Tilley does not claim or argue either of these positions also require an "assembly line" pace. As this language is part of the definition of "light work" and not necessarily a specific requirement of the position of "garment sorter," the court is not persuaded that this language creates a conflict between the VE's testimony and the DOT requirements for this position. Therefore, the ALJ did not err in accepting the VE's testimony with respect to this position.

B. <u>Harmless Error</u>

The question now becomes whether the ALJ's errors in failing to reconcile the conflict with respect to two of the three positions identified in this case constitutes harmless error. Tilley argues that the ALJ's errors are not harmless and reversal or remand are the only appropriate remedies. The Commissioner, by contrast, asserts that any error committed by the ALJ is harmless.

Courts in the Ninth Circuit "will not reverse the decision of the ALJ for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti*, 533 F.3d at 1041. Failure to recognize an inconsistency, and have the VE explain an inconsistency, is only reversible

if the failure is not harmless. *See Massachi*, 486 F.3d at 1153-54. Failure to recognize, and have the VE explain an inconsistency, will not be harmless if the failure left "unresolved potential inconsistenc[ies] in the evidence". *See id.*; *see also Prochaska v. Barnhart*, 454 F.3d 731, 73-36 (7th Cir. 2006) (concluding that an ALJ's finding that claimant could perform jobs beyond his RFC limitation was not harmless error).

The ALJ's failure was not harmless here because it left "unresolved potential inconsistenc[ies] in the evidence." *Prochaska*, 454 F.3d at 735-36. Here, the ALJ failed to reconcile inconsistencies between Tilley's RFC and the requirements of two of the three positions the VE claimed Tilley could perform. The VE claimed that there was "no conflict" with these positions and Tilley's RFC, which was false. As such, there is no explanation in the record how Tilley could perform these two positions in spite of these conflicts. The lack of explanation leaves a significant inconsistency in the evidence. Because of the inconsistency, the court cannot determine whether the ALJ's step-five determination was supported by substantial evidence. Therefore, the ALJ's errors are not harmless.

### C. Remand for Further Proceedings

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen,* 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler,* 761 F.2d 530, 533 (9th Cir. 1985)); *see also Dominguez v. Colvin,* 808 F.3d 403, 407 (9th Cir. 2015) (amended Feb. 5, 2016) ("The only issue on appeal is whether the district court abused its discretion in remanding for further proceedings instead of remanding for benefits."); *Terry,* 903 F.2d at 1280 (noting that the court has the "discretion to remand so that the Secretary may further develop the record").

Our case law precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met. *Burrell v. Colvin,* 775 F.3d 1133, 1141 (9th Cir. 2014 (discussing *Garrison v. Colvin,* 759 F.3d 995 (9th Cir. 2014)). The district court must first determine that the ALJ made a legal error, such as failing to provide sufficient reasons for rejecting evidence. *Id.* If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and

ambiguities and "all essential factual issues have been resolved." *Treichler v. Comm'r of Soc. Sec. Admin.,* 775 F.3d 1090, 1001 (9th Cir. 2014). *Dominguez,* 808 F.3d at 407 (concluding that the district court did not err in remanding the case for further factual proceedings, rather than payment of benefits, where there were inconsistencies, conflicts, and gaps in the record that required further administrative proceedings). Because there are outstanding issues that must be resolved before a final disability determination can be made, it is appropriate to remand this case for further proceedings. *Treichler,* 775 F.3d at 1105.

D. <u>Other Arguments Raised by Tilley</u>

Because the court recommends remand of this case for further proceedings, the court will not address Tilley's other arguments relating to the ALJ's analysis of the medical testimony or Tilley's subjective testimony. However, these issues should be addressed in the ALJ's opinion on remand.

**V. CONCLUSION**

Having reviewed the Administrative Record as a whole, and weighing the evidence that supports and detracts from the Commissioner's conclusion, the court finds the ALJ's decision is not supported by substantial evidence and recommends the decision be remanded for further proceedings. The court therefore grants Tilley's motion for reversal and/or remand (ECF No. 17), and denies the Commissioner's cross-motion to affirm (ECF No. 19).

///
///
///
///
///
///
///
///

13

## VI. ORDER

**IT IS THEREFORE ORDERED** that Tilley's motion for reversal and/or remand (ECF No. 17) is **GRANTED** and the Commissioner's cross-motion to affirm (ECF No. 19) is **DENIED**;

**IT IS FURTHER ORDERED** that the Clerk **ENTER JUDGMENT** and close this case.

**DATED**: January 27, 2020.

_____
**UNITED STATES MAGISTRATE JUDGE**