**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHANNON L. TILLEY,<br><br>                       Plaintiff,<br><br>  v.<br><br>ANDREW SAUL,[1]<br>Commissioner of Social Security*,*<br><br>                       Defendant. | 2:18-cv-00471-CLB<br><br><u>**ORDER**</u> |

**I.   BACKGROUND**

On January 27, 2020, this court issued its order regarding Plaintiff Shannon L. Tilley's ("Tilley") Social Security Complaint wherein the agency's decision was reversed, and the matter remanded for further administrative proceedings. (ECF No. 25.) On February 21, 2020, the Commissioner of Social Security ("Commissioner") moved to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (ECF No. 28.) The court *sua sponte* granted Tilley an extension of time to file an opposition by March 27, 2020. (*See* ECF No. 29.) On April 3, 2020, Tilley filed a motion to extend time to file her response citing issues related to COVID-19, (ECF No. 31), and on the same day filed her opposition. (ECF No. 30.) On April 9, 2020, the Commissioner filed his reply. (ECF No. 32.) The court now grants the motion to extend time (ECF No. 31) and, for the reasons discussed below, the court grants the motion to alter or amend judgment (ECF No. 28).

///

///

---

[1]   Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

## II. LEGAL STANDARD

Rule 59(e) "permits a district court to reconsider and amend a previous order[;]" however, "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

"Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (*en banc*) (*per curiam*). Generally, there are four grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors or law or fact; (2) to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) if amendment of the judgment is justified by an intervening change in controlling law. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (*citing McDowell*, 197 F.3d at 1255 n.1).

## III. DISCUSSION

In the instant action, the Commissioner timely moved to amend the judgment by filing a motion within the twenty-eight-day period. (ECF No. 28.) The Commissioner has alleged a manifest error of law. (*Id.*) Specifically, the Commissioner has moved to amend the judgment with regard to the court's decision to remand the case for further proceedings in order to better develop the record and permit the Administrative Law Judge ("ALJ") to reconcile apparent inconsistencies between Tilley's residual functional capacity and the requirements of two other jobs that the vocational expert ("VE") identified. (*Id.*) The Commissioner argues that because the court found that the ALJ did not err in relying on the VE's testimony to find that Tilley could perform *an* occupation—garment sorter—that exists in significant numbers in the national economy, the ALJ correctly found Tilley not disabled and remand was therefore unwarranted. (*Id.*)

In response, Tilley argues that there is a conflict between the VE testimony and the Dictionary of Titles ("DOT") description of the garment sorter occupation. (ECF No. 30 at

3-4.)  Additionally, Tilley argues she is unable to perform the mail clerk occupation.  (*Id.*)  Tilley further argues that even if the court agrees with the Commissioner's arguments in the motion to amend or alter judgment, that the case should be remanded for consideration of the other issues Tilley raised in her motion for remand and/or reversal, or alternatively, the court should more fully address those issues here.  (*Id.* at 4-5.)

The VE testified that based on Tilley's age, education, work experience, and residual functional capacity ("RFC"), Tilley would be able to perform work as a garment sorter, an occupation that has approximately 50,000 jobs in the national economy.  (AR 83-84.)  Relying on the VE's testimony, the ALJ concluded at step five of the sequential disability analysis that Tilley was able to perform work that existed in significant numbers in the national economy and was therefore not disabled.  (AR 35-36.)  This court reversed and remanded the ALJ's decision based on the two other jobs the VE identified.  (ECF No. 25.)  However, the Commissioner argues that remanding on these facts was manifest error because Tilley's ability to perform the garment sorter job compels a finding that she is not disabled because this occupation alone exists in significant numbers in the national economy.  *See Yelovich v. Colvin*, 532 F. App'x 700, 702 (9th Cir. 2013) (affirming ALJ's decision where the claimant could perform one occupation for which there were 42,000 jobs in the national economy); *Lara v. Astrue*, 305 F. App'x 324, 326 (9th Cir. 2008) ("To the extent the VE was overly broad and included jobs that [the claimant] could both perform and not perform, any error is harmless so long as the jobs that could be done are enough to support the ALJ's decision.").  Importantly, Tilley does not dispute that the garment sorter occupation exists in significant numbers in the national economy, just that she is unable to perform the garment sorter occupation.  (*See* ECF No. 30 at 3-4.)

The court agrees with the Commissioner and finds that a manifest error of law justifies amending the judgment in this case.  Specifically, the court finds that any error the ALJ made in relying on the VE's testimony as to the other two jobs was harmless because the ALJ correctly found that Tilley was able to perform work as a garment sorter, which is a job that exists in significant numbers in the national economy.  Thus, the ALJ's

ultimate non-disability finding was supported by substantial evidence in the record and is affirmed.[2]

Finally, in the original order to remand, the court noted that other issues raised by Tilley, specifically the ALJ's consideration of medical opinions and Tilley's subjective testimony, should be addressed in the ALJ's opinion on remand.  (*See* ECF No. 25 at 13.)  However, because the court now amends it's order and finds that the ALJ appropriately relied upon the VE's testimony to find Tilley could perform the garment sorter occupation, this establishes that there was no error in the ALJ's RFC assessment, and thus no error in the ALJ's consideration of the medical opinions or Tilley's subjective testimony, as the ALJ's hypothetical question to the VE incorporated all of the RFC limitations.  Thus, remand for further consideration of the other issues is unnecessary as the ALJ's ultimate non-disability finding was supported by substantial evidence in the record.

**IV.    CONCLUSION**

**IT IS THEREFORE ORDERED** that Tilley's motion to extend time (ECF No. 31) is **GRANTED**;

**IT IS FURTHER ORDERED** that the Commissioner's motion to alter or amend judgment (ECF No. 28) is **GRANTED**;

**IT IS FURTHER ORDERED** that the court's prior order (ECF No. 25) and judgment (ECF No. 26) are **VACATED**;

**IT IS FURTHER ORDERED** that Tilley's motion for reversal and/or remand (ECF No. 17) is **DENIED** and the Commissioner's cross-motion to affirm (ECF No. 19) is **GRANTED**; and

**IT IS FURTHER ORDERED** that the Clerk **ENTER JUDGMENT** accordingly.

**DATED**: April 30, 2020          .

_____
**UNITED STATES MAGISTRATE JUDGE**

---

[2]   Because the court finds that substantial evidence supports the ALJ's decision, it need not address the other arguments raised in the Commissioner's motion.